

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney



*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 28, 2005

**FILED**

**OCT 17 2005**

**NANCY MAYER-WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Via Telefacsimile 301-441-4704

Leslie Silverman, Esquire
Law Offices of Leslie D. Silverman, P.C.
4704 Hollywood Road
College Park, MD 20740

Re:     **United States v. Cesar A. Bolanos, Magistrate No. 05-0286M-01**
        CR 05-299

Dear Ms. Silverman:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, **Cesar A. Bolanos.** *This plea offer expires on August 8, 2005.* If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter, incorporating the factual proffer attached, will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges.** Your client agrees to admit guilt and enter a plea of guilty to two counts of 18 U.S.C. § 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents. The government agrees not to prosecute your client for any charges stemming from the sales of stolen checks and a stolen motor vehicle to an undercover police officer on August 10, 2004 and on October 18, 2004.

      2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 18 U.S.C. § 1546(a), each federal charge carries a maximum penalty of 10 years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court and the Judge will not be bound by the parties agreement or sentencing calculations.

      3. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution

of the United States and/or by statute, including: the right to plead not guilty; and the right to a jury trial. At the jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

4. **Sentencing.** Your client and this Office agree, that the guiding range applicable to the offense to which your client is pleading guilty is set forth in Section 2L2.1 of the U.S. Sentencing Guidelines (U.S.S.G.). The parties agree that the base level for the offense to which the defendant will plead guilty, Fraud and Misuse of Visas, Permits, and Other Documents, is 11. The parties agree that there are no relevant adjustments under Section 2L2.1(b) and that for the purposes of Section 3D1.1, the provision for multiple count offenses, the two counts should be grouped in one group. Accordingly, the parties agree that your client's adjusted offense level is 11. The parties agree that your client's Criminal History Category is I.

If the defendant accepts this plea offer, continues to accept responsibility for his criminal conduct, and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement and any and all release conditions, then the United States will not oppose, under Sentencing Guideline Section 3E1.1(a), a 2-level reduction for acceptance of responsibility for an adjusted offense level of 9. If those conditions are satisfied, then the United States and your client agree not to seek a sentence outside the Guideline range applicable to your client based upon the Offense level 9 and the appropriate Criminal History Category (4-10 month period of incarceration). Defendant Bolanos understands that the Judge is not bound in any way by the parties' agreement to recommend a sentence consistent with the U.S.S.G. range.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Your client is aware that the parties' calculation of the sentencing ranges under the U.S. Sentencing Guidelines are not a promise of the sentences to be

imposed on him and are not binding on the Court. Knowing that and pursuant to Federal Rules of Criminal Procedure 11(b)(1)(N), your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742 except to the extent that the Court sentences your client to a period of imprisonment longer than the statutory maximum of 10 years. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further, your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

5. **Criminal Forfeiture**. In his sales of illegally obtained passports and other documents, the defendant received over $1700 from Metropolitan Police Department funds on or about June 28, July 14, August 10, and October 18, 2004. You client, therefore, agrees to forfeit the total sum of the proceeds of his illegal sales of passports and other documents to the United States pursuant to 18 U.S.C. 982(a)(6).

6. **Deportation.** The defendant understands that this criminal prosecution and agreement are completely unrelated to his applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security, U.S. Immigration and Customs. In addition, defendant Bolanos understands and agrees that no change in his immigration status or resolution of his immigration applications shall be grounds for your client to file a motion to vacate this plea agreement or withdraw his guilty plea.

7. **Interpreter.** Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

8. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in

connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

The government and your client agree that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

9. **Prosecution by other agencies/jurisdictions.** This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, U.S. Immigration and Customs Enforcement (formerly the Immigration and Naturalization Service); or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Your client is not a citizen of the United States, and your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the Department of Homeland Security, U.S. Immigration and Customs Enforcement.

10. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from it obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any

purpose in any criminal or civil proceeding if your client breaches this agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

      11. **No other agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

      If your client agrees to the conditions set forth in this letter incorporating the factual proffer attached, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

      Sincerely,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001
202-514-7533

### Defendant's Acceptance

I have read or had read to me this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to the charges of Fraud and Misuse of Visas, Permits, and Other Documents because I am guilty of that crime.

9/19/05
Date

Cesar A. Bolanos
Defendant

### Attorney's Acknowledgment

I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets for the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

8/19/05
Date

Leslie Silverman
Counsel for Defendant

## FACTUAL PROFFER

The factual proffer in the case **United States v. Carlos A. BOLANOS** is as follows:

If the case had proceeded to trial, the government would have proven beyond a reasonable doubt that Cesar A. BOLANOS possessed two United States passports and one United States visa, knowing them to be unlawfully obtained, in violation of 18 United States Code, Section 1546(a).

During the months of June and July 2004, the MPD were engaged in an undercover investigation in Northeast D.C.

On June 28, 2004 at 9:44 p.m. Mr. Bolanos sold MPD Police Sergeant Dale Sutherland a Peruvian Passport, number 2065398, which was issued to Guillermo Eduardo Zambrano Hildebrandt. The Passport contained a valid United States Visa, control number 20011061020003, in the same name. Sutherland also purchased from Mr. Bolanos a checkbook and pay stub that were issued to Hildebrandt. For these items, the defendant was paid $700 of Metropolitan Police Department (MPD) funds. A check of the U.S. Department of State's Consolidated Consular Database indicated that the above-referenced visa was lawfully issued to Hildebrandt at the United States Embassy in Lima Peru. The photo and passport number in the database match the photo and passport number of the passport that Cesar A. Bolanos sold to Sutherland.

On or about May 2, 2005, Special Agent Timothy W. Alexandre of the United States Department of State Diplomatic Security Service spoke with Guillermo Eduardo Zambrano Hildebrandt, who stated that his Passport, checkbook and other items of property were stolen from his automobile which had been parked in Langley, Virginia on or between about May - June, 2004.

On July 14, 2004, at approximately 6:42 p.m. Cesar A. Bolanos sold MPD Police Sergeant Sutherland a Guatemalan passport, number F0404066 which was issued to Yesenia Yamileth Arana Guerra, what purports to be Republic of Honduras birth certificate number 0745856 in the name of Neli Adeli Galdamez, and a District of Columbia Certificate of Live Birth number DC224314 in the name of Antony Gilberto Franco-Arana. For these items, the defendant was paid $600 of Metropolitan Police Department (MPD) funds.

All of the documents sold to Sutherland were not lawfully obtained by the defendant.