## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.: 05-299** |
| | : | |
| **v.** | : | **District Judge Richard W. Roberts** |
| | : | |
| **CESAR A. BOLANOS,** | : | **Sentencing Date: January 03, 2006** |
| | : | |
| **Defendant.** | : | |
| | : | **VIOLATION:** |
| | : | |
| | : | **18 U.S.C. § 1546(a)** |
| | : | **(Fraud and Misuse of Visas, Permits, and** |
| | : | **Other Documents)** |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States Attorney, by and through its attorney, the United States Attorney for the

District of Columbia, hereby submits this Memorandum in Aid of Sentencing the defendant,

**CESAR A. BOLANOS** (hereafter, "the defendant" or "Mr. Bolanos"), in the above case.   This

memorandum sets forth those factors that, in our assessment, this Court should consider in

imposing its sentence.  The Government recommends that Mr. Bolanos be sentenced to a  period

of 60 days incarceration, which is in the mid range of the minimum period of incarceration under

the United States Sentencing Guideline (U.S.S.G.), followed by two years of supervised release

with the condition that he serve at least two months, the remainder of the minimum term of

imprisonment specified in the guideline range in community confinement or home detention

pursuant to U.S.S.G.§ 5C1.1(c).  Finally and pursuant to the plea agreement entered into by the

parties, the defendant agreed to forfeit $ 1700.00 to the United States, the amount paid to the

defendant for the stolen documents and property he sold to law enforcement officers during the

months between June and October, 2004.  Our sentencing recommendation is based upon the

defendant offense level and criminal history category and one that considers the factors set forth in 18 U.S.C. § 3553(a)(2).

## Procedural Posture

_____1. On June 13, 2005, the defendant was arrested and charged with two counts of violating Title 18, United States Code, Section 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents.

2. On June 15, 2005, the Government agreed to defendant's release on the condition that his parent's residence be posted as collateral for his appearance in court. The family residence was posted as collateral.

2. On September 22, 2005, an Information was filed in the United States District Court for the District of Columbia. The Information charged the defendant with two counts of violating Title 18, United States Code, Section 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents.

3. On October 17, 2005, Mr. Bolanos pled guilty to both counts of the Information, pursuant to a plea agreement with the government. The defendant understood that for each federal charge, the maximum sentence authorized is 10 years imprisonment, a fine of up to $250,000, a special assessment of $100, and a period of supervised release not to exceed 3 years. In return for his guilty plea, the government agreed not to prosecute the defendant for any charges stemming from his sale of stolen checks and a stolen motor vehicle to an undercover police officer on August 10, and October 18, 2004, respectively.

## **Criminal Conduct**

During the Summer and Fall of 2004, members of the Metropolitan Police Department (MPD) were engaged in an undercover investigation in Northeast Washington D.C..   On June 28, 2004 at 9:44 p.m. Mr. Bolanos sold MPD Police Sergeant Dale Sutherland a Peruvian Passport, number 2065398, which was issued to Guillermo Eduardo Zambrano Hildebrandt.  The Passport contained a valid United States Visa, control number 20011061020003, in the same name. Sutherland also purchased from Mr. Bolanos a checkbook and pay stub that were issued to Hildebrandt.  The defendant was paid $700.00 of Metropolitan Police Department funds.  A check of the U.S. Department of State's Consolidated Consular Database indicated that the above-referenced visa was lawfully issued to Hildebrandt at the United States Embassy in Lima, Peru. The photo and passport number in the database match the photo and passport number of the passport that Mr. Bolanos sold to Sutherland.

On or about May 2, 2005, Special Agent Timothy W. Alexandre of the United States Department of State Diplomatic Security Service spoke with Guillemo Eduardo Zambrano Hildebrandt.  Hildebrandt stated that his Passport, checkbook, and other items of property were stolen from his automobile, which had been parked in Langley, Virginia on or between about May - June, 2004.

On July 14, 2004, at approximately 6:42 p.m. Mr. Bolanos sold MPD Sergeant Sutherland a Guatemalan Passport, number F0404066, which was issued to Yesenia Yamileth Arana Guerra. Mr. Bolanos also sold Sergeant Sutherland a document that purports to be Republic of Honduras birth certificate number 0745856 in the name of Neli Adeli Galdamez, as well as a District of Columbia Certificate of Live Birth number DC224314 in the name of Antony Gilberto Franco-

3

Arana.  For these items, the defendant was paid $600.00 of Metropolitan Police Department funds.

The documents sold to Sergeant Sutherland on June 28, 2004 and on July 14, 2004 were all stolen documents and were "prescribed by statute or regulation for entry...into the United States" and were not lawfully obtained by the defendant.

In addition to the two sales referenced above, the defendant returned to Sergeant Sutherland on August 10, 2004, and again on October 18, 2004. At that time he sold 2 stolen checks to the Sergeant for $400.00 in Metropolitan Police Department funds.  At the October 18, 2004 meeting the defendant also began to arrange to sell a stolen automobile to the officer.

All of the transactions were captured on videotape.

## Recommended Sentence

As a threshold matter,  the Government understands that the application of the United States Sentencing Guidelines is not mandatory.  However, in United States v. Booker, the United States Supreme Court made clear that, in determining the appropriate sentence for a defendant, federal courts should calculate and consider the applicable guideline range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities. 543 U.S. 220; 125 S. Ct. 738, 757 (2005).  Accordingly, in determining an appropriate sentence for Mr. Bolanos, the government requests that the Court consider the U.S.S.G. as well as  the sentencing objectives stated in the United States Code in order for the sentence to: (1) reflect the severity of the offense (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with the needed educational or vocational training and medical care.  Id.; see also 18

U.S.C. § 3553(a)(2).

Mr. Bolanos pled guilty to two counts of violating 18, U.S.C. § 1546(a), Fraud and Misuse of Visas, Permits, and Other Documents the Information.  The statutory maximum period of incarceration for each offense is 10 years.  The applicable guideline range for these offenses, grouped together, is set forth in U.S.S.G. § 3D1.2(d).  Under this section, the defendant's base offense level is an 11.  The defendant is eligible for a 2 point reduction in his offense level for acceptance of responsibility under § 3E1.1(a),  which would bring his adjusted offense level to 9.

The defendant's criminal history score is a one, due to a April 03, 2005, conviction in the District Court for Montgomery County, Maryland, for Driving / Attempting to Drive a Vehicle While Under the Influence.  His criminal history category is, therefore, a  I..   Criminal history category I places him in Zone B of the Sentencing Table.  Accordingly, the guideline range applicable to Mr. Bolanos is a term of imprisonment of 4 months to 10 months. Additionally, a special assessment of $100 is mandatory, and the Court may impose an additional fine in the range of $1,000 to $10,000, pursuant to U.S.S.G. § 5E1.2(c)(1)-(3).

Mr. Bolanos was born in El Salvador.  According to the Presentence Investigation Report, his parents migrated to Maryland approximately 14 years ago, while he remained in El Salvador with his great-grandmother.  Mr. Bolanos came to the United States in 1998 in order to work and be closer to his family.  Mr. Bolanos is currently living in his parents residence in Hyattsville, Maryland. His brother, sister, brother-in-law, and nephew also live in the house, along with Mr. Bolanos' 17-year-old girlfriend, Jessica.  Jessica is four and a half months pregnant.

According to the Immigration and Customs Enforcement Agency, Mr. Bolanos is currently in the U.S. on a work permit, and may be subject to deportation as a result of his convictions in

the instant offense.  According to the Presentence Investigation Report writer, at the time of the instant offense the defendant was employed at Caseys Coffee Inc. in Columbia, Maryland.  Mr. Bolanos self-reported smoking marijuana, as well as experimenting with cocaine two years ago. He indicated, however, that his alcohol use has caused him the most problems and he is currently under the supervision of the Drinking and Driver Monitor Program in Maryland.  Mr. Bolanos has also enrolled in D.A. Wynne and Associates, a private outpatient counseling program where he attends alcohol group counseling twice a week.

The Government recommends that Mr. Bolanos be sentenced to a  period of 60 days incarceration, which is in the mid range of the minimum period of incarceration under the United States Sentencing Guideline (U.S.S.G.), followed by two years of supervised release with the condition that he serve at least two months, the remainder of the minimum term of imprisonment specified in the guideline range in community confinement or home detention pursuant to U.S.S.G.§ 5C1.1(c).  Finally and pursuant to the plea agreement entered into by the parties, the Government seeks that the defendant forfeit $1700.00 to the United States, the amount paid to the defendant for the stolen documents and property he sold to law enforcement.  This recommendation is based upon his criminal history, the circumstances surrounding his offense, and his willingness to accept responsibility of the instant offense.   Mr. Bolanos's offense is a serious one.  The Government believes that a  period of incarceration followed by a period of supervised release provides adequate punishment.   While the Government is concerned about Mr. Bolanos's alcohol and drug abuse, he appears to be enrolled in a counseling program and may continue to receive treatment for substance abuse while confined.

As to the financial ramifications of incarcerating Mr. Bolanos, it appears that he does not

pay rent even though he indicated to the Presentence Investigation Report writer that he does.  He

has a very supportive family who allow both he and his pregnant girlfriend to live in their home.

Mr. Bolanos' family has been willing to use their residence as collateral to ensure that Mr.

Bolanos would return to court.  Mr. Bolanos appears to have many advantages that so many young

people who commit crimes do not have.  The Government believes that Mr. Bolanos must be held

accountable for his actions.  A period of incarceration and the imposition of criminal forfeiture

would serve to deter Mr. Bolanos from further criminal behavior and provide the punishment

demanded of such behavior.  The sentence recommended by the Government would, in our

assessment, be a fair and just sentence in this case.  This sentence is reasonable for punishment

and rehabilitation purposes, and would further the objectives set forth in  18 U.S.C. § 3553.


Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar #451-058


_____
HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Heidi.Pasichow@usdoj.gov
202-514-7564

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the foregoing document has been electronically filed and provided by facsimile and pre-paid postage to counsel for defendant, Leslie Silverman, Esq., 4704 Hollywood Road, College Park, MD 20740, on this 21st day of December, 2005.

_____

HEIDI M. PASICHOW
Assistant U.S. Attorney